[Cite as *State v. Howell*, 2024-Ohio-5813.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

    Plaintiff-Appellee,              :

                                          No. 113857

    v.                               :

ALVIN HOWELL, JR.,                           :

    Defendant-Appellant.             :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 12, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-686251-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brittany Stipich, Assistant Prosecuting Attorney, *for appellee*.

Scott J. Friedman, *for appellant*.

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Alvin Howell, Jr. ("Howell") appeals his convictions for trafficking and possession. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On October 30, 2023, a Cuyahoga County Grand Jury indicted Howell on one count of illegal conveyance into a detention facility, a third-degree felony in violation of R.C. 2921.36(A)(2); one count of trafficking, a second-degree felony in violation of R.C. 2925.03(A)(2); and one count of drug possession, a second-degree felony in violation of R.C. 2925.11(A). Howell initially pleaded not guilty to these charges.

{¶ 3} A jury trial began on April 3, 2024.

{¶ 4} Cleveland police officer Lamar Heath ("Heath") testified that on August 19, 2023, he and his partner responded to a call that a man was slumped over the steering wheel of his car on Superior Avenue in Cleveland, Ohio. Heath testified that upon responding, he was informed by witnesses that the man, subsequently identified as Howell, had appeared to be asleep at the wheel. Howell was awake and out of the vehicle when Heath responded, but based on what he had learned, Heath attempted to administer a field sobriety test. According to Heath, Howell initially refused to take the test, but relented upon speaking to Heath's supervisor.

{¶ 5} Heath testified that Howell failed the eye nystagmus test, in which something is placed in front of the individual's eyes and the officer observes how their pupils react, because his "eye was jerking." Heath testified that Howell also failed the "walk and turn" portion of the test, in which the individual is instructed to take a series of heel-to-toe steps, turn, and repeat the steps. Because Howell failed the field sobriety test, he was arrested for operating a vehicle while intoxicated.

Officers conducted a pat down search, and Howell was transported to the Cuyahoga County Jail. Heath testified that upon Howell's arrival at the county jail, Howell was checked by a nurse, went through a metal detector, and patted down a second time.

{¶ 6} Talal Youseff ("Youseff") testified that he was a corrections officer working at the county jail when Howell was arrested. Youseff testified that he was working in the "dress in" when Howell arrived at the jail. Youseff explained that as part of the intake process, he took Howell into an area where he was asked to surrender his clothing, which is placed into a plastic bag, and Howell was given an orange top, bottom, underwear, socks, and a pair of shoes. Youseff testified that prior to X-raying Howell, when he was retrieving Howell's clothing from him and after Howell had just taken off his boxer shorts, he observed a clear plastic bag in Howell's crotch area. Youseff asked Howell to surrender the bag, and he did. When Howell surrendered the bag to Youseff, he observed that the bag was tied and contained blue pills. Youseff testified that he called for his supervisor, per jail protocol. The State introduced a photo of the bag of pills taken by Youseff's supervisor. Youseff testified that the pills were blue and marked with the letter M.

{¶ 7} Edgar Andrus ("Andrus") testified that he was a forensic scientist in the drug chemistry section of the Cuyahoga County Medical Examiner's Office. Andrus testified that his job consisted of testing seized materials for the presence of controlled substances. Andrus testified that he received the bag of pills seized from Howell; the State introduced Andrus's lab report as an exhibit.

**{¶ 8}** Andrus testified that the package he received in this case contained a plastic bag containing 100 round blue tablets marked M30. He went on to testify:

> So in this case I identified the tablets using a database. I identified that as an oxycodone tablet, 30 milligrams, and then I used GCMS to determine what that contained.
>
> . . .
>
> So I found that this was 11.14 grams of fentanyl and 4-ANPP.

Andrus testified that the bag contained 100 pills, and he tested one representative pill based on a random sampling. Andrus testified that the total weight of the bag of pills was 11.14 grams.

**{¶ 9}** At the conclusion of the State's case, Howell made a Crim.R. 29 motion for acquittal. The court denied this motion.

**{¶ 10}** Howell did not present any witnesses or evidence and renewed his Crim.R. 29 motion. The court again denied the motion.

**{¶ 11}** On April 4, 2024, the jury returned a verdict of guilty on all three counts.

**{¶ 12}** On April 11, 2024, the court held a sentencing hearing. The court heard from the assistant prosecuting attorney and defense counsel. The trafficking and possession charges merged for sentencing, and the court sentenced Howell to three to four and one-half years on the trafficking charge. The court sentenced Howell to 18 months on the illegal conveyance into a detention facility charge, to be served concurrently to the three to four and one-half year sentence.

**{¶ 13}** At the time of sentencing, Howell had a pending federal criminal case. On July 2, 2024, the court in this case issued an amended sentencing journal entry stating that Howell's sentence in the underlying case was to be run concurrently with his sentence in the federal case.

**{¶ 14}** Howell filed a timely notice of appeal and presents two assignments of error for our review:

> I. The Appellant's convictions for second-degree felony Trafficking and Possession were not supported by sufficient evidence.
>
> II. The Appellant's convictions for second-degree felony Trafficking and Possession were against the manifest weight of the evidence.

**Law and Analysis**

**I. Sufficiency of the Evidence**

**{¶ 15}** In Howell's first assignment of error, he argues that his convictions were not supported by sufficient evidence. Specifically, Howell argues that where the evidence showed that Andrus only tested one of the 100 pills seized from him, and Andrus could not say that there were 11.4 grams of any controlled substance in the bag of pills, there was insufficient evidence to show that Howell trafficked or possessed in the requisite quantities of fentanyl to support his convictions.

**{¶ 16}** The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 2009-Ohio-3598, ¶ 12 (8th Dist.). An appellate court's function when reviewing sufficiency is to determine "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the

crime proven beyond a reasonable doubt.'" *State v. Leonard*, 2004-Ohio-6235, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶ 17} With a sufficiency inquiry, an appellate court does not review whether the State's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks*, 2009-Ohio-3375, ¶ 25 (8th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A sufficiency-of-the-evidence argument is not a factual determination, but a question of law. *Thompkins* at 386.

{¶ 18} Proof of guilt may be supported "by circumstantial evidence, real evidence, and direct evidence, or any combination of the three, and all three have equal probative value." *State v. Rodano*, 2017-Ohio-1034, ¶ 35 (8th Dist.).

{¶ 19} Here, the jury found Howell guilty of trafficking in violation of R.C. 2925.03(A)(2) which provides, in relevant part:

> No person shall knowingly . . . prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for resale by the offender or another person.

Further, Howell was found guilty of trafficking a fentanyl-related compound, or a compound, mixture, preparation, or substance containing a fentanyl-related compound, and the amount of the drug involved equals or exceeds one hundred unit doses but is less than two hundred unit doses, or equals or exceeds ten grams but is less than twenty grams.

{¶ 20} The jury also found Howell guilty of drug possession in violation of R.C. 2925.11(A), which provides:

> No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

Further, Howell was found guilty of possession of a fentanyl-related compound, and the amount of the drug involved equals or exceeds one hundred unit doses but is less than two hundred unit doses or equals or exceeds ten grams but is less than twenty grams.

{¶ 21} The jury also found Howell guilty of illegal conveyance into a detention facility, but because he confines his arguments to his trafficking and possession convictions, we will not address his conviction for illegal conveyance.

{¶ 22} Howell does not argue that he should not have been convicted of trafficking or possession, but that there is insufficient evidence to support convictions for second-degree felony trafficking and possession based on the amount of fentanyl that was seized. Howell asserts that without evidence of the specific amount of drugs that was recovered, he could only be convicted of fifth-degree felonies.

{¶ 23} This court has recently recognized that the "'random sampling method of testing has been consistently upheld by Ohio courts' and held that 'evidence of the random sampling method is sufficient as a matter of law to support a determination that the entire substance recovered together and similarly packaged is the same controlled substance as that tested.'" *State v. Lorenzana*, 2024-Ohio-

2900, ¶ 53 (8th Dist.), quoting *State v. Martin*, 2007-Ohio-6062, ¶ 42. The random sampling method of testing "creates a reasonable inference that all similar contraband contains the same controlled substance as that tested, at least when the contraband is recovered together and similarly packaged." *Id.*, quoting *State v. Samatar*, 2003-Ohio-1639 (10th Dist.).

{¶ 24} Here, although Andrus tested one of the 100 pills that were recovered from Howell, there is evidence that the pills were recovered together and similarly packaged. There is also evidence that the pills were all round, blue, and marked M30. Further, Andrus testified that his analysis as reflected in his report was that the bag contained 11.4 grams of fentanyl and 4-ANPP.

{¶ 25} Viewing this evidence in the light most favorable to the State, there is sufficient evidence that the drugs seized from Howell contained between 10 and 20 grams of fentanyl. Therefore, there is sufficient evidence to sustain Howell's convictions for second-degree trafficking and possession.

{¶ 26} Because there was sufficient evidence to support Howell's convictions, his first assignment of error is overruled.

## II. Manifest Weight

{¶ 27} In Howell's second assignment of error, he argues that his convictions were against the manifest weight of the evidence. In support of this assignment of error, Howell reiterates his argument that without evidence of the exact amount of drugs contained in the bag of pills, he could not have been convicted of second-degree felonies for trafficking and possession.

{¶ 28} In contrast to a challenge based on the sufficiency of the evidence, "[w]eight of the evidence concerns 'the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. . . . Weight is not a question of mathematics, but depends on its effect in inducing belief.'" *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 12, quoting *Thompkins* at 387. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, the appellate court functions as a "thirteenth juror" and may disagree "with the factfinder's resolution of . . . conflicting testimony." *Thompkins* at 387, citing *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). The appellate court examines the entire record, weighs the evidence and all reasonable inferences that may be drawn therefrom, considers the witnesses' credibility and determines whether, in resolving conflicts in the evidence, the trier of fact "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). "A conviction should be reversed as against the manifest weight of the evidence only in the most 'exceptional case in which evidence weighs heavily against conviction.'" *Id.*, quoting *Thompkins* at 387.

{¶ 29} We do not find this to be the exceptional case in which the evidence weighs heavily against conviction. Although Howell cites to case law containing examples where courts found seized material was tested in accordance with the random sampling method — and a greater percentage of the seized material was tested in comparison to the one pill in the instant matter — he does not point to any

case law indicating that testing one of 100 pills is an inappropriate application of the random sampling method. While it may be a best practice to test a greater percentage of seized materials, we cannot say that the jury clearly lost its way in finding that, based on the random sampling method performed by Andrus, Howell trafficked and possessed between 10 and 20 grams of fentanyl. Because Howell's conviction was not against the manifest weight of the evidence, his second assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)